UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 24-10270-KK (DFM) | Date: | January 7, 2025 |
|---|---|---|---|
| Title | Branden Escalante Lee v. CSP-Corcoran Prison | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On November 22, 2024, Petitioner Branden Escalante Lee filed a pro se Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254. See Dkt. 1 ("Petition").

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons discussed below, Petitioner is ordered to show cause why this action should not be dismissed for failure to state a cognizable federal habeas claim.

I. BACKGROUND

In 2008, Petitioner was convicted of first-degree burglary of an inhabited dwelling house (Cal. Pen. Code § 459), first-degree residential robbery (Cal. Pen. Code § 211), kidnapping for ransom (Cal. Pen. Code § 209), and making criminal threats (Cal. Pen. Code § 422). See Petition at 1; see also People v. Escalante, No. B208148, 2009 WL 2596387, at *1 (Cal. Ct. App. Aug. 25, 2009). Following his conviction, Petitioner "was sentenced to prison for a determinate term of ten years plus life with the possibility of parole." See Escalante, 2009 WL 2596387, at *3.

Petitioner now challenges his sentence on the ground that he is eligible for resentencing and the dismissal of enhancements under Assembly Bill ("AB") 600. See Dkt. 1 at 3-5. Specifically, he claims he is eligible for "mental health diversion" under AB 600 because he suffered significant childhood trauma and "could not comprehend wrong or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

right" at the time of the events underlying his conviction. Id. at 3. He requests to be "released for credit for time served and/or exonerated for a community based half-way house for 30-90 days." Id.

## II. DISCUSSION

Federal habeas relief is available to state inmates who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process violation.'" Nelson v. Biter, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting Richmond v. Lewis, 506 U.S. 40, 50 (1992)).

Here, Petitioner's claim is premised on the change in California law occasioned by AB 600. See Dkt. 1 at 3-5. AB 600, which took effect on January 1, 2024, amended California Penal Code section 1172.1 "to allow a trial court, on its own motion, to recall a sentence and resentence a defendant when 'applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law.'" People v. Dain, 99 Cal. App. 5th 399, 412 (2024) (quoting Cal. Penal Code § 1172.1 (a)(1), as amended by Stats. 2023, ch. 446, § 2.)). Prior to January 1, 2024, trial courts lacked authority to do so unless the sentence was unauthorized or the Secretary of the California Department of Corrections and Rehabilitation recommended the sentence be recalled. See People v. Codinha, 92 Cal. App. 5th 976, 986-97 (2023).

Here, Petitioner's claim is not cognizable on federal habeas review because it is premised exclusively on an issue of state law, namely, whether the trial court should exercise its discretion under section 1172.1 to recall his sentence and resentence him. See, e.g., Fritz v. California, No. 24-2563, 2024 WL 5010017, at *1 (E.D. Cal. Nov. 13, 2024) ("Any question as to the applicability AB 600 to petitioner does not state a claim for federal habeas relief because challenges to a state court's interpretation or application of state sentencing laws does not give rise to a federal question cognizable in federal habeas."); Haney v. Lundy, No. 24-03159, 2024 WL 4329074, at *5 (C.D. Cal. Jul. 15, 2024) (holding that petitioner's claim he was entitled to resentencing under AB 600 does not merit federal habeas relief "as such a claim involves only the application of state sentencing laws and thus does not give rise to a federal question"). Thus, the Petition fails to state a cognizable federal habeas claim.

Moreover, Petitioner has not demonstrated that he has exhausted state court remedies with respect to the claim in his Petition. Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions be fairly presented to the state

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam). Further, as a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

As discussed above, Petitioner's claims are premised on changes to California law that took effect January 1, 2024. It does not appear that Petitioner has filed any habeas petitions in either the California Court of Appeal or the California Supreme Court since that date. See Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Branden" and "Escalante" in 2nd App. Dist. and Cal. Sup. Ct.) (last visited on January 3, 2025). As such, the Court has concerns as to whether Petitioner has fairly presented any claim premised on changes to California law under AB 600 or any other ground for relief based in federal law before the California Supreme Court.

### III.   CONCLUSION

**Accordingly, Petitioner is ORDERED TO SHOW CAUSE in writing no later than twenty-eight (28) days from the date of this Order why this action should not be dismissed for failure to state a cognizable habeas claim.**

Petitioner may instead request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form.

Petitioner is warned that his failure to timely respond to this Order will result in the Court recommending that this action be dismissed with prejudice for some or all of the reasons listed above and for failure to prosecute. See Fed. R. Civ. P. 41(b).